UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUMONTINEE SRIDEJ,<br><br>                      Petitioner,<br>     v.<br>ANTONY J. BLINKEN, *et al.*,<br><br>                     Respondents. | Case No. 2:23-cv-00114-ART-BNW<br><br>ORDER |

Counseled Petitioner Sumontinee Sridej brings this petition for writ of habeas corpus under 28 U.S.C. § 2241 and challenges her extradition to Thailand by the United States of America on charges of fraud. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] Also before the Court is Petitioner's motion to amend (ECF No. 8) as well as the parties' stipulation to a briefing schedule (ECF No. 10).

I. **Background**

Pursuant to Habeas Rule 4, which is applicable to § 2241 petitions pursuant to Rule 1(b), the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Extradition from the United States is governed by 18 U.S.C. § 3184, which confers jurisdiction on any justice or judge of the United States or any authorized

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

magistrate to conduct an extradition hearing under the relevant extradition treaty between the United States and the requesting nation. The extradition court – Magistrate Judge Elayna Youchah – entered her order for certification of extradition on January 6, 2023. *In the Matter of Extradition of Sumontinee Sridej*, Case No. 2:22-mj-00792-EJY, ECF No. 34. A district court or Magistrate Judge's "decision to certify a person as extraditable is not subject to direct appeal but may be challenged collaterally through habeas corpus review" pursuant to 28 U.S.C. § 2241. *Prasoprat v. Benov*, 421 F.3d 1009, 1013 (9th Cir. 2005).

In an international extradition, the district court's habeas review of an extradition order is limited to: (1) whether the extradition court had jurisdiction to conduct the proceedings as well as personal jurisdiction over the individual sought; (2) whether the extradition treaty was in force and whether the crime is an extraditable offense under the relevant treaty's terms; (3) whether there was probable cause that the individual committed the crime; and (4) whether the crime fell within the political offense exception. *Id.* Petitioner sets forth seven grounds for relief in her abridged petition. (ECF No. 4.) Having conducted an initial review, the Court will direct a response and enter a scheduling order.

## II.     Leave to Amend and Scheduling Order

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).

Petitioner seeks leave to amend her abridged habeas petition that she filed within 14 days of the order of certification of extradition pursuant to Rule 15 of

the Federal Rules of Civil Procedure. Respondents request that the Court grant Petitioner's motion to amend and enter the parties' stipulated briefing schedule. The Court finds that none of the factors above weighs against allowing the amendment sought here, especially as Respondents do not oppose Petitioner's motion. The Court therefore grants Petitioner's motion to amend and the parties' stipulated proposed briefing schedule as set forth below.

It is therefore ordered that Petitioner's motion to amend (ECF No. 8) is granted.

It is further ordered that the parties' stipulation to a briefing schedule (ECF No. 10) is granted. Within 21 days of the date of this order, Petitioner must file her amended petition. Respondents will have 14 days from the date the amended petition is electronically served to answer or otherwise respond to the petition. Petitioner will have 14 days from the date the response is filed and served to file a reply.

DATED THIS 10th day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE