UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUMONTINEE SRIDEJ,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>ANTONY J. BLINKEN, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 2:23-cv-00114-ART-BNW<br><br>ORDER |

Petitioner Sumontinee Sridej filed a 28 U.S.C. § 2241 amended petition for writ of habeas corpus (ECF No. 14) seeking relief from extradition to the Kingdom of Thailand (Thailand) on charges of 36 counts of fraud, which the Court denied. ECF No. 19. Sridej now moves for a stay pending appeal to the Ninth Circuit (ECF No. 23) and moves to reopen Ground Three of her amended petition under Federal Rule of Civil Procedure 60(b) (ECF No. 28). The Court denies Sridej's Motion for a Stay (ECF No. 23) and Motion to Reopen (ECF No. 28) but grants a temporary stay until the resolution of Sridej's anticipated motion to stay pending appeal in the Ninth Circuit.

**I.      Background**

Sridej, a citizen of Thailand who came to the United States in January 2015, is charged with 36 counts of fraud under the Thai Penal Code. On February 3, 2015, the Southern Bangkok Criminal Court issued an arrest warrant for Sridej. *See* Case No. 2:22-mj-00792-mj, ECF No. 1 at 36, 42. Thailand requested that the U.S. government extradite Sridej pursuant to the extradition treaty between the two countries. On October 7, 2022, the United States filed a sealed complaint, and an arrest warrant was issued. *Id.* at ECF Nos. 1, 3, 4.

On October 11, 2022, Sridej was arrested. *Id.* at 5. On October 12, 2022, she made her initial appearance, and was detained pending extradition certification. *Id.* at ECF Nos. 8, 15. Magistrate Judge Youchah held an Identity

1    and Extradition hearing. *Id.* at ECF No. 24. Following post-hearing briefing, the
2    Extradition Court certified that Sridej was subject to extradition. *Id.* at ECF No.
3    34.
4        Sridej initiated this habeas proceeding. She filed an § 2241 amended
5    petition seeking relief from extradition asserting four grounds for relief as well as
6    a motion for stay of extradition. ECF Nos. 7, 14. The Court denied Sridej's
7    amended petition and denied her request for a stay as moot. ECF No. 19. Sridej's
8    appeal of the order denying her § 2241 amended petition is pending before the
9    Ninth Circuit. ECF No. 22. The United States Secretary of State has completed
10   its review of Sridej's case, granted Thailand's request for extradition, and issued
11   a warrant for Sridej's surrender. ECF No. 27. The Government intends to proceed
12   with the extradition upon resolution of the pending stay motion. *Id.* at 2. Sridej
13   now moves for a stay of extradition pending appeal and moves to reopen Ground
14   Three of the amended petition, which alleges that extradition is prohibited by the
15   United Nations Convention Against Torture ("CAT") because Thailand has
16   credible reports of torture.

17   **II.   Discussion**

18        **a. Motion for Stay Pending Appeal**

19        "A stay is not a matter of right, even if irreparable injury might otherwise
20   result." *Nken v. Holder*, 55 U.S. 418, 433 (2009). A stay is "an exercise of judicial
21   discretion," which should be issued "dependent upon the circumstances of the
22   particular case." *Id.* at 433. In deciding whether to exercise its discretion to grant
23   a stay pending appeal, the Court considers: "(1) whether the stay applicant has
24   made a strong showing that he is likely to succeed on the merits; (2) whether the
25   applicant will be irreparably injured absent a stay; (3) whether issuance of the
26   stay will substantially injure the other parties interested in the proceeding; and
27   (4) where the public interest lies." *Id.* at 434. The party requesting the stay bears
28   the burden of showing that circumstances warrant this exercise of the Court's

discretion. *Id.*

The first two factors are the most critical. *Id.* The Ninth circuit has held that the first factor only requires a stay applicant to show that his or her appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011). Where the government is the opposing party, the third and fourth factors merge. *Nken*, 556 U.S. at 435.

### i. Irreparable Injury

The Court finds that Sridej demonstrates that she will be irreparably injured absent a stay because if the Court denies her motion and the government extradites Sridej to Thailand, her appeal will be rendered moot, and her case will be dismissed. *See Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (finding that a petitioner satisfied the irreparable harm factor because if the petitioner's stay motion was denied, the petitioner's appeal will become moot and will be dismissed since [the petitioner's] extradition will have been carried out); *see also Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023) (finding that "[i]rreparable injury is obvious: Once extradited, [the petitioner's] appeal will be moot.").

### ii. Likelihood of Success

Petitioner does not demonstrate a reasonable probability or fair prospect of success on the merits. Courts employ a "sliding scale," meaning that the factors are balanced so that "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez*, 640 F.3d at 964-66. Even with a showing of irreparable injury, however, Sridej must show "serious legal questions" going to the merits. *Manrique*, 65 F.4th at 1041 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983)). A serious question is more than "a merely plausible claim," and a court cannot "forgo legal analysis just because it has not identified precedent that places the question beyond debate." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th Cir. 2022).

A district court's habeas review of an extradition order is limited to whether: (1) the extradition magistrate had jurisdiction over the individual sought, (2) the treaty was in force and the accused's alleged offense fell within the treaty's terms, and (3) there is "any competent evidence" supporting the probable cause determination of the magistrate. *Santos v. Thomas*, 830 F.3d 987, 1001 (9th Cir. 2016) (en banc).

Sridej acknowledges that the Court has already rejected her arguments for relief but asserts that the petition presents serious issues to justify a stay pending appeal. ECF No. 23 at 8. First, she contends that there is no valid extradition treaty with Thailand due to the history of regime change in Thailand. *Id.* at 9. Considering substantial case law of judicial deference to the U.S. Department of State on extradition matters and evidence of the U.S. Department of State's determination that the extradition treaty between the United States and Thailand is valid and in force, Sridej has not shown a serious question as to the continuing validity of the treaty at issue. *See Ivancevic v. Artukovic*, 211 F.2d 565, 573 (9th Cir. 1954); *Arnbjornsdottir-Mendler v. U.S.*, 721 F.2d 679, 681 (9th Cir. 1983); *Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996).

Second, Sridej asserts that the Thai fraud offense fails to satisfy the "dual criminality" doctrine because the Thai fraud offense does not include an intent element that is required in the analogous offense in Nevada. ECF No. 23 at 10. Sridej's dual criminality arguments do not present serious legal questions. As explained in the Court's order denying Sridej's habeas petition, the elements of the crime allegedly committed in a foreign country need not be identical to the elements of the substantially analogous crime. *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1404 (9th Cir. 1988). The Court determined that the dual criminality requirement is satisfied because Sridej is charged for conduct in Thailand that would be criminal in Nevada under the state's grand larceny statute. Accordingly, Sridej has not demonstrated "serious legal questions" going to the merits as to

her dual criminality argument.

Third, Sridej argues that the offenses are not extraditable because Thailand has credible reports of torture which are prohibited by the CAT. ECF No. 23 at 11-12. She further asserts that there is a basis for the Ninth Circuit to reconsider its holding in *Trinidad y Garcia v. Thomas*, 683 F.3d 952 (9th Cir. 2012), that it is the role of the U.S. Department of State, not the courts, to determine whether extradition should be denied on humanitarian grounds because "a petitioner will lack sufficient time between the U.S. State Department's determination to extradite and the actual extradition to file a second [§ 2241 petition] raising [procedural sufficiency of that determination.]" ECF No. 26 at 6.

The Ninth Circuit held that once the Secretary of State has made a determination as to an individual's torture claim and established that the Secretary's procedural obligations have been discharged, that is the end of the habeas court's judicial review. *Trinidad*, 683 F.3d at 957. The Ninth Circuit, sitting *en banc*, made clear, "[t]o the extent that we have previously implied greater judicial review of the substance of the Secretary's extradition decision other than compliance with her obligations under domestic law, *e.g. Cornejo-Barreto v. Seifert*, 218 F.3d 1004, 1012 (9th Cir. 2000)[1], we overrule that precedent." *Trinidad*, 683 F.3d at 957.

Accordingly, Sridej's argument as to whether and when courts may consider risk of torture in extradition proceedings does not present serious legal questions warranting a stay pending appeal. In *Trinidad*, the Ninth Circuit

---

[1] *Cornejo-Barreto* provided that "[a]n extraditee ordered extradited by the Secretary of State who fears torture upon surrender … *may* state claim cognizable under the APA that the Secretary of State has breached her duty, imposed by the FARR Act, to implement Article 3 of the Torture Convention." *Cornejo-Barreto v. Seifert*, 218 F.3d 1004, 1016-17 (9th Cir. 2000) (emphasis added), *disapproved in later appeal sub nom. Cornejo-Barreto v. Siefert*, 379 F.3d 1075 (9th Cir. 2004), *opinion vacated on reh'g sub nom. Cornejo-Barreto v. Siefert*, 389 F.3d 1307 (9th Cir. 2004), and *overruled by Trinidad y Garcia v. Thomas*, 683 F.3d 952 (9th Cir. 2012).

1   ultimately found that the Secretary failed to provide evidence that she had
2   actually complied with these procedural requirements and remanded the matter
3   to the district court "so that the Secretary of State may augment the record by
4   providing a declaration that she has complied with her obligations." 683 F.3d at
5   957. The Ninth Circuit then required the Secretary submit a declaration of
6   compliance with procedural obligations under the CAT and Foreign Affairs
7   Reform and Restructuring ("FARR") Act of 1998, but once that was submitted,
8   "the court's inquiry shall have reached its end." *Id.*

9   The Ninth Circuit has unequivocally made clear that the Court's scope of
10  review is limited to whether the Secretary of State complied with the procedural
11  obligations under the CAT and the FARR Act, which the Court addresses more
12  fully below in the context of Sridej's motion to reopen Ground Three. 8 U.S.C. §
13  1231. *See also Matter of Extradition of Ahn,* 602 F.Supp.3d 1304, 1320 (C.D. Cal.
14  2022) (magistrate judge lacked authority to apply humanitarian exception to
15  prevent extradition even though she would have done so if she could have.)

16  Fourth, Sridej presents a due process argument that current extradition
17  procedures fail to afford individuals a sufficient opportunity to challenge a foreign
18  government's criminal allegations. ECF No. 23 at 13. She asserts that, for
19  example, while the Government may rely solely on hearsay evidence, petitioners
20  challenging extradition may not present exculpatory evidence unless it explains
21  the Government's evidence. *Id.* As noted in the underlying order denying the
22  habeas petition, Sridej has failed to present legal support to justify a departure
23  from the current extradition scheme where the magistrate does not weigh
24  conflicting evidence and make factual determinations, but rather, determines
25  only whether there is competent evidence to support the belief that the accused
26  has committed the charged offense. *Quinn v. Robinson,* 783 F.2d 776, 815 (9th
27  Cir. 1986). "Inherent in the probable cause standard is the necessity of a
28  determination that the evidence is both sufficiently reliable and of sufficient

weight to warrant the conclusion." *U.S. v. Kin-Hong,* 110 F.3d 103, 120 (1st Cir. 1997). The Court does not find Sridej's argument as to the consideration of her showing of likelihood of success on the merits of this ground to be persuasive.

In addition, the Court notes that Sridej's arguments have twice been rejected by courts in this district, with Magistrate Judge Youchah finding the treaty between the United States and Thailand is valid and in force. *See* Case No. 2:22-mj-00792-mj, ECF No. 34 at 3-5. Both Courts rejected Sridej's dual criminality argument. *Id.* at 5-8. Finally, Magistrate Judge Youchah similarly held that the court's exercise of authority clearly does not include consideration of Sridej's substantive or procedural due process concerns. The Court, therefore, is left without any basis for finding that Sridej has shown a likelihood of success on the merits.

### iii. Injury to Other Parties and Public Interest

The third and fourth factors merge when the government is the opposing party. *Leiva-Perez,* 640 F.3d at 970. Sridej argues that the government and the public's interests won't be harmed by a stay. ECF No. 23 at 14. She asserts that the Thai government's lack of urgency in submitting its extradition request seven years after the alleged misconduct reduces any legitimate interest the government or the public might otherwise have in a prompt extradition. *Id.*

In response, the Government argues that Thailand did not unduly delay in investigating and pursuing extradition as Thai authorities were notified of began investigating Sridej's fraud, which spanned three years, in January 2015, and the Thai arrest warrant was issued in February 2015. ECF No. 25 at 16. The Government asserts that even if Thailand unduly delayed, Thailand has done all that is required of Treaty and U.S. law for extradition certification. *Id.* The Government further argues that the public interest will be served by the United States's compliance with treaty obligations and to further the reciprocal interest in having other nations cooperate swiftly with extradition requests from the

United States. *Id.* at 15.

Although the Court agrees with Sridej that "it is in the public interest that [she] be given a full, fair opportunity to litigate [her] claim[s] on appeal," the Court finds that, on balance, this factor weighs against the issuance of a stay. It does not appear that Thailand proceeded with such lack of urgency that the United States's strong interest in prompt execution of extradition is outweighed. The public interest will be served by the United States's compliance with a valid extradition application under its treaty with Thailand. "Such proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law or order." *Artukovic*, 784 F.2d at 1356.

Based on the foregoing, Sridej's motion to stay extradition pending her appeal to the Ninth Circuit is denied. Sridej, however, in the alternative, requests "a temporary administrative stay to allow [her] to pursue a full stay pending appeal in the Ninth Circuit." ECF No. 23 at 15. The Court grants Sridej's request for a temporary stay of her extradition pending the resolution of an anticipated stay motion in the Ninth Circuit. Therefore, Sridej's extradition is hereby stayed for at least seven days pursuant to Ninth Circuit Rule 27-2. If Sridej seeks a stay in the Ninth Circuit within seven days of this order, the Court will stay Sridej's extradition until the Ninth Circuit rules on Petitioner's stay motion. If Sridej, however, does not seek a stay in the Ninth Circuit within seven days of this order, then this Court's temporary stay of Sridej's extradition will expire seven days after the entry of this order. The parties are hereby ordered to update the Court regarding whether Sridej moves for a stay in the Ninth Circuit no later than seven days from the date of this order.

**b. Motion to Reopen**

In Ground Three of Sridej's amended petition, she alleges that extradition is prohibited by the United Nations Convention Against Torture ("CAT") because Thailand has credible reports of torture. In the Court's order denying Ground

Three of Sridej's amended petition, the Court cited the Ninth Circuit's holding in *Trinidad* that it is the Secretary of State that must make a torture determination when an extraditee makes a torture claim. 683 F.3d at 956. *See* ECF No. 19 at 10. The Court further found that because the Secretary of State did not yet decide as to whether Sridej will actually be extradited, a determination as to whether the Secretary of State complied with the procedural obligations under the CAT and the FARR Act were not ripe for review. ECF No. 19 at 10. The Court denied Ground Three without prejudice to Sridej renewing her claim upon a determination of extradition by the Secretary of State. *Id.* at 11.

Sridej now moves to reopen Ground Three under Fed. R. Civ. P. 60(b), asserting that the issue is ripe because the Government issued a notice that the Secretary of State completed its review of Sridej's case and intends to proceed with the extradition upon resolution of the pending stay motion. ECF No. 27. Sridej requests that the Court issue an indicative ruling under Fed. R. Civ. P. 62.1(a)(3) that the Court would grant the Rule 60(b) motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue." ECF No. 28 at 5. The Government argues that the Court should issue a ruling indicating that it would reopen its prior decision, find that the Secretary has complied with his obligations under the CAT and implementing statute and regulations, and thereby deny the remainder of Ground Three. ECF No. 25 at 4-5.

Rule 60(b) governs reconsideration of "a final judgment, order, or proceeding" of the district court. The Court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged. . .; (6) any other reason that justifies relief. Recognizing that the Court does not currently have jurisdiction over a Rule

1  60(b) motion, Sridej seeks an indicative ruling under Rule 62.1, which provides
2  that where "a timely motion is made for relief that the court lacks authority to
3  grant because of an appeal that has been docketed and pending," the Court may
4  "(1) defer considering the motion; (2) deny the motion; or (3) state either that it
5  would grant the motion if the court of appeals remands for that purpose or that
6  the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

7  Sridej asserts that the declaration from Tom Heinemann, Attorney Advisor
8  in the Office of the Legal Adviser for the Department of State, Washington, D.C.,
9  submitted by the Government is insufficient under *Trinidad*. ECF No. 32 at 5-6.
10 She asserts that in *Trinidad*, the Ninth Circuit remanded for the State
11 Department to provide a declaration indicating compliance with the requirements
12 of the CAT and its implementing statute and regulations. The Ninth Circuit
13 provided that "[i]f the district court receives such declaration, it shall determine
14 whether it has been signed by the Secretary of State or a senior official properly
15 designated by the Secretary. If so, the court's inquiry shall have reached its
16 end..." 683 F.3d 952 at 957. First, Sridej asserts that Mr. Heinemann does not
17 "qualify as the Secretary or senior official properly designated by the Secretary."
18 ECF No. 32 at 6. Second, Sridej asserts that the declaration fails to provide any
19 specificity about the State Department's review of her case and is overly generic.
20 *Id*. at 7-8.

21 The Court denies Sridej's motion for an indicative ruling. In his declaration,
22 Mr. Heinemann provides that he is "the official responsible for managing the
23 Department's responsibilities in this case," and "confirm[s] that the decision to
24 surrender [Sridej] to Thailand complies with the United States' obligation under
25 the [CAT] and its implementing statute and regulations." ECF No. 31-1 at 3. He
26 further provides in his declaration that Acting Deputy Secretary of State Nuland
27 authorized Sridej's extradition following a review of all pertinent information. *Id*.
28 at 2. In addition, he provides that "[a] decision by the Department to surrender

a fugitive who has made a claim of torture invoking the [CAT] reflects either a determination that the fugitive is not more likely than not to be tortured if extradited, or an assessment that the fugitive's claim, although invoking the [CAT], does not meet the [CAT's] definition of torture as set forth in 22 C.F.R. § 95.1(b)." *Id.*

Accordingly, the declaration made clear that the Acting Deputy Secretary of State reviewed all the pertinent information and determined that Sridej is not more likely than not to be tortured if extradited or that her claim does not meet the CAT's definition of torture. Further, Mr. Heinemann has affirmed that the Acting Deputy Secretary of State's decision to surrender Sridej to Thailand complies with the United States' obligation under the CAT and its implementing statute and regulations. Because the Government has provided evidence in the form of Mr. Heinemann's declaration that the Acting Deputy Secretary of State's decision to extradite Sridej complies with the obligations required by the CAT and its implementing statute and regulations, the Court would not reopen this proceeding to grant relief under Ground Three. Accordingly, the Court would not grant relief under the Rule 60(b) motion and does not find that Sridej raises a substantial issue warranting an indicative ruling.

**III.  Conclusion**

It is therefore ordered that Petitioner Sumontinee Sridej's Motion for Stay pending Appeal (ECF No. 23) is DENIED.

It is further ordered that the Court grants a temporary stay of extradition pending the resolution of an anticipated stay motion in the Ninth Circuit. Sridej's extradition is hereby stayed for at least seven days pursuant to Ninth Circuit Rule 27-2. If Sridej seeks a stay in the Ninth Circuit within seven days of this order, the Court will stay Sridej's extradition until the Ninth Circuit rules on Petitioner's stay motion. If Sridej, however, does not seek a stay in the Ninth Circuit within seven days of this order, then this Court's temporary stay of Sridej's extradition

will expire seven days after the entry of this order. The parties are hereby ordered to update the Court regarding whether Sridej moves for a stay in the Ninth Circuit no later than seven days from the date of this order.

It is further ordered that Sridej's Motion to Reopen (ECF No. 28) is DENIED.

DATED THIS 26th day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE